## GILMORE v. HAMBLIN.

1. MISTAKE: *In deeds of conveyance.   Relief in Equity—Rescission.*
   If a vendor by mistake convey a tract of land which does not belong to him, instead of the tract sold and intended to be conveyed, equity will not restore to the vendee the purchase money, but will compel him to accept a deed for the proper land.

2. SAME: *Same:   Successive vendees subject to correction of.*
   A vendee of land from one who holds by deed indefinitely describing it, will be charged with notice of the uncertainty, and be subject to its correction.

APPEAL from *Pope* Circuit Court in Chancery.

Hon. W. D. JACOWAY, Circuit Judge.

*F. W. Compton,* for appellant.

*D. B. Granger,* contra.

EAKIN, J.   The appellee, Hamblin, sued Gilmore in an action at law, with an attachment against him as a non-resident.   The complaint is in effect for money paid with-

out consideration, of which the prayer seeks recovery or specific relief. The alleged grounds are that plaintiff had purchased of defendant a tract of land, and paid therefor the sum of $375, and taken a deed with covenants of title, good right to convey, etc., and that defendant had no title, and plaintiff never obtained possession. The complaint might stand, also, by being made a little more definite, as an old action of covenant upon the deed, but in either aspect, the decision of this case would be the same.

The defendant answered, confessing that he had no title whatever to the lands described in the deed, and saying that he never meant to convey them, nor plaintiff to buy them; that there was simply a mistake in the numbers. He offers, and brings into court, a deed for the lands which he says he intended to convey, and which were the lands really purchased, and concerning which there is no question of title. He says further that he had previously sold a large tract to one Ludwick, including the land afterwards purchased by plaintiff; and that before the execution of any writing to Ludwick, plaintiff agreed with Ludwick to take the land intended, and to pay Ludwick $3 per acre more than Ludwick was to pay defendant, and that by direction and consent of all parties, he executed to plaintiff a deed intending to describe the land selected; the plaintiff, instead of Ludwick, paying him for that portion. He describes the land intended to be conveyed, and which was really purchased by plaintiff as *the S. W. corner of the N. E. quarter* and part of the S. E. corner of the N. W. ¼ of sec. 29, T. 6, R. 19, making in all twenty-five acres. He simply seeks his discharge and costs, and makes no counter claim, although there is a prayer for general relief.

A demurrer to the answer having been overruled, the plaintiff, unnecessarily, made a reply. This is not Code practice. New matter in an answer not constituting a

counter claim, or set-off, is put in issue by the Code with-
out a reply, and the onus is on the party pleading it.    The
allegations and explanations of the reply will be passed
without comment.    This we can more safely do, as the
plaintiff gave his testimony.    By consent the cause was heard
in equity.

1. Mistake in deed of conveyance, Relief in equity. The evidence leaves no doubt that Gilmore was the owner
of the whole northern fraction of section 29, in T. 6, North
of Range 19, West, which consisted of the N. W. ¼ of the
section in full, and a small fraction of the S. W. part of the
N. E. ¼ of about ten acres, which lay between the
N. W. ¼ and the Arkansas river.    He had verbally
agreed to sell it to Ludwick for $15 an acre.    Then plain-
tiff agreed with Ludwick to take twenty-five acres of it
and to pay Ludwick $3 per acre beyond the purchase
money.    They went to Gilmore together, and plaintiff paid
him for twenty-five acres of the land he had agreed to sell
Ludwick the sum of $375, being at the rate of $15 per
acre.    The $3 extra he afterwards paid either to Ludwick
or for his benefit.    The part of the land plaintiff was to
take, had been agreed upon between him and Ludwick; and
Gilmore was honestly endeavoring to carry out their inten-
tions.    No fraud appears anywhere.

When the money was paid, Gilmore gave plaintiff a
receipt, expressing that it was in full " for twenty-five acres
off the. S. E. corner of the S. E. ¼ " of the sec-
tion. An obvious mistake.    No such piece was in the
body of land sold to Ludwick.    Afterwards Gilmore, still
in good faith endeavoring to carry out the mutual under-
standing, executed to plaintiff a deed for twenty-five acres
in N. E. corner of the S. W. ¼ of the section, which was
just as wide of the mark as the receipt, and for the same
reason. This is the deed upon the covenants of which the
complaint is partly founded. To seek to enforce them is

simply absurd. If the plaintiff knew of the mistake when he accepted the deed, and took it for the purpose of getting his purchase money back through the covenants, he would not appear in court with clean hands. If he did not, then the mistake was mutual, and the equitable defense should never have become necessary. Upon its discovery the plaintiff should have returned the deed and sought its correction, which if not made voluntarily, he might have obtained at defendant's cost. The real question is, can plaintiff have return of his purchase money, as paid without consideration; or, if not, can he have any appropriate relief in equity?

Pursuing our view of the evidence, it appears that plaintiff acknowleges and insists in his evidence, that the portion which he really agreed to take, although deceived as to its value, was twenty-five acres out of the *S. E. corner of the N. W. ¼ of the section*, and he says that Ludwick agreed to give him, in addition, the fraction between that and the river, already spoken of as comprised in the S. W. corner of the N. E. ¼, and which seems to have been of less value.

The deed tendered in court by defendant conveys that fraction and enough more out of the S. E. corner of the N. W. ¼ to make out twenty-five acres. This is all the real difference between the parties, as to facts, concerning which there is a conflict of evidence. In a letter written by plaintiff to defendant, and which he himself introduces, he says that he really wanted the S. W. ¼ of the N. W. ¼, and was still willing to take that; but does not offer the take a deed for the S. E of the N. W. The letter is rather an appeal for a return of the money, as it belonged to orphans, and because the plaintiff had mistaken the value of the land he had agreed to take. There is no proof of any special request on his part for a deed for the twenty-five acres out of the S. E. ¼ of the N. W. ¼.

The chancellor found, generally, that the allegations of plaintiff's complaint and reply were sustained by the proof, and rendered judgment for the full amount of the claim against the defendant and his sureties, in a bond which had been given to dissolve the attachment.

We cannot concur in the view taken by the chancellor, of the equities of the parties. The defendant had sold his land *in solido*, for so much per acre. If there had been no interference on the part of the plaintiff, no trouble would have arisen. The defendant, to accommodate plaintiff and Ludwick, in a division of the purchase, agreed to make them separate deeds, according to agreements. He could have had no possible interest in giving any particular part to one more than the other. He assumes an extra trouble, without compensation, conveys all his land to the two parties between them, and gets precisely the price bargained. More than that, he seems honestly to have endeavored, and still stands ready, to correct any error in the conveyances, and is before the court to do what may be required. Upon what principle of equity he can be compelled to refund a large portion of the purchase money, pay the costs of the suit, and go out, retaining a part of his land which may be unsalable, when he meant to sell the whole, and should have been allowed to do so without interference, is not clear.

Upon the other hand, plaintiff interfered in a purchase already agreed upon; sought to enjoy its advantages, without any additional advantage to the vendor; was present when all the transactions were had; agreed to accept a portion for his share, which he afterwards finds to be a bad bargain; has an equal opportunity to correct all mistakes; stands equally within the range of laches for not doing so; accepts papers of different sorts with misdescriptions, and now seeks to make these mistakes the

ground of asking a Court of Equity to assist him in ruing a bargain of which he is tired; and, in doing that, seeks to put defendant in a worse position than he found him. There is not a suspicion of fraud in the conduct of defendant throughout.

The chancellor should have done justice as nearly as possible with the means at hand; should have determined from preponderance of testimony, if it could not be done certainly, what tract plaintiff agreed to take, and which, at the time of the payment, defendant intended to convey; and compelled him to take it if the deed accorded therewith, dismissing defendant, with or without cost, as the chancellor might deem him more or less guilty of laches. If the presence of Ludwick was necessary to a settlement of the litigation, he might have been, and may yet, easily be brought in, so that the true boundaries may be decreed between him and plaintiff, if the court should direct any change in defendant's deed as tendered.

As the cause must be remanded, we forbear to express an opinion as to the weight of the evidence with regard to the precise tract which plaintiff was to have, or its boundaries. It is a matter rather between plaintiff and Ludwick, than one which concerns the defendant. He has denuded himself of all title to the whole, and got only his fair price. He had nothing to do with the determination of the boundaries on partition; and, save as to such costs as the chancellor may see fit to impose on him, may very properly be discharged from the suit.

The deed which he tendered in court seems, from the evidence, to have been drawn with reference to a marked plat which the parties had before them, but it does not refer to the plat, nor describe the lands with such precision as to enable a surveyor certainly to lay off the boundaries. No objection is made to it on that account, and it may be that

it is sufficiently definite to suit the purposes of plaintiff and Ludwick, if it be found in accordance with the agreement. If not, or if for any purpose, or on any account, a readjustment of boundaries may be necessary, Ludwick must be brought in, so that the court, by decree, may bind both him and plaintiff, and give plaintiff his twenty-five acres just where he ought to have it, according to the best opinion the chancellor may be able to form. The defendant cannot be placed in *statu quo*, and it would not be equitable to cancel any part of his sale. He got the purchase money honestly, and may equitably keep the whole. This may well be done, for it does not appear that any portion of the land has been sold by Ludwick to an innocent party, and if it has, the purchaser, through Ludwick's deed from Gilmore, would have notice of the indefinite nature of the boundaries, and would hold subject to their correction.

1. MIS-TAKE: Successive vendees subject to correction of.

Reverse the decree, and remand the cause for such further proceedings as may be had in accordance with this opinion, and the principles and practice in equity.