## DORR v. SCHOOL DISTRICT No. 26, &c.

1. DEED: *Description. Uncertainty. Construction. Parol evidence.*

   A deed is not to be held void for uncertainty if by any reasonable construction it can be made available. Parol evidence can not be admitted to contradict or control the language of a deed, but latent ambiguities may be explained by such evidence. Facts existing at the time of the conveyance and prior thereto, may be proved by parol evidence to establish a particular line as the one contemplated by the parties when by the terms of the deed such line is left uncertain.

AMBIGUITIES: *Patent and latent.*

   An ambiguity is patent, that is, apparent on the face of an instrument, where the mere reading of it shows that something must be added before the reader can tell which of several things or persons was intended. A latent ambiguity arises from facts not disclosed in the instrument, and parol evidence may be admitted to give effect to such instrument by applying it to its subject matter; and if by the aid of such evidence a surveyor can find the land so ambiguously described the deed will be sufficient.

3. EVIDENCE:  *Unrecorded deed.*

An unrecorded deed is not admissible as evidence unless its execution be proved at the trial.

4. DEED:  *Void.   Color of title.   Possession.*

A void or worthless deed may give color of title and be used to explain and define the possession; And so may a plat and survey in connection with other evidence, in fixing the origin, date and limits of the possession.

5. EVIDENCE:  *Declaration of vendor after conveyance, impeaching the title.*

The declarations of a vendor, made after his conveyance, in the absence of the vendee, are not admissible to impeach his title.

6. ADVERSE POSSESSION:  *What is.*

Neither actual possession, cultivation nor residence is necessary to constitute adverse possession where the property is appropriated to the use for which it was designed and the only use of which it is susceptible.

APPEAL from *Independence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Clark & Williams* for appellant.

The deed is grossly loose, if not defective in description, and it would be an immense strain upon the maxim "*Id certum est,*" &c., to find this land.   Exceptions should not be sustained unless the ambiguity is patent, and if by the description given a starting point can be found, then, we admit the Court had no right to reject the deed on account of uncertainty.   It was a questionable method of attacking a title of one in possession.   See *acts* 1874-5, *p.* 229; *Greenl., on Ev., sec.* 298.

As the house was vacant when plaintiff bought, 'and his vendor in possession, and his deed senior in right, having been first recorded, the declarations of Edwards at the time, were admissible.   *Ricard v. Williams,* 7 *Wheat., p.* 225-6. They tended to show that he was an innocent purchaser without notice and to take the case 'out of the rule in *Byers*

*v. Engles,* 16 *Ark.*, 543.    See also 1 *Greenleaf Ev.*, *sec.* 108-9-10.

It was error to allow defendant's deed in evidence without other proof of its execution than the acknowledgment, for it was not recorded.    *Gantt's Dig.*, *sec*, 854; *Wilson v. Spring*, 38 *Ark.*

Besides, the deed being ambiguous should have been located by proof.    The survey of 1867 was anterior to the deed, and not admissible.    It ante-dated the existence of the corporation.    The survey of 1868 was also anterior to the deed; without reference to it, and not properly certified or proven.    1 *Greenleaf Ev.*, *sec.* 485.

SMITH, J.    Dorr brought ejectment against the school district for three acres of land, deducing title by deed made to himself in 1874, by Benjamin I. Edwards and wife, for the quarter section, which included the premises in controversy.

The defences were, 1st. Adverse possession for more than the period required by law to ripen a title; and 2nd, a deed of conveyance for the premises made to the defendant's trustee by the plaintiff's grantor in 1870.    This last deed does not mention any section or township, the description being "a certain parcel of land lying and being in the county of Independence, commencing at a black-gum tree standing near the road and graveyard, near the residence of Benjamin I. Edwards, running north 40 poles to a stone, thence east 12 poles to a stone, thence south 40 poles, thence west 12 poles to the place of beginning, containing three acres, including said school house and graveyard."

A general demurrer to the whole answer was properly overruled; for, leaving out of consideration the defendant's documentary title, it stated such facts as, if true, showed good right to the land.

Exceptions to the defendant's deed, for uncertainty in the

description of the premises because the same had never been recorded, were overruled. And these objections were removed at the trial, which resulted in a verdict and judgment for the defendant.

The evidence was that Edwards had in 1867 proposed to his neighbors to donate the land for the building of a schoolhouse, to be used also as a church, and for the burial of the dead. His offer was accepted; the neighbors built the house, and in 1868 Edwards caused the land to be surveyed and a plat drawn, of which a record was made. In 1870, the neighborhood having been formed into a school district, Edwards and wife conveyed the land to the defendant's trustee. And it has been ever since in the possession and subject to the control of the successive school directors or trustees of the district, under a claim of ownership of the absolute title.

The deed was duly executed and acknowledged, but had never been filed for record. Nor was a school kept there at date of plaintiff's purchase, since the revenues only sufficed to maintain a school about three months in each year. But plaintiff saw the house and grave-yard and was apprised of the uses to which they were dedicated. He had afterwards himself presided at one of the annual school meetings and had attended others, and had never, to the knowledge of his neighbors, claimed the land, until shortly before June, 1881, when this action was begun.

"A deed is not to be held void for uncertainty, if by any reasonable construction it can be made available. Parol evidence can not be admitted to contradict or control the language of a deed. But latent ambiguities may be explained by such evidence. Facts existing at the time of the conveyance and prior thereto, may be proved by parol evidence with a view of establishing a particular line as being the one contemplated by the parties, when, by the terms of the deed,

such line is left uncertain." 3 *Washburn, Real Prop.*, 3d *Ed.*, 347; See also 1 *Gr., Ev.*, sec. 298.

An ambiguity is patent, that is, apparent on the face of an instrument where the mere reading of it shows that something more must be added before the reader can tell which of several things or persons is meant. As, if a promissory note should omit to mention the sum to be paid; or a testator should leave a legacy to one of the sons of J. S., he having several sons. In such cases the defect is incurable.

<span style="float:right">2. AMBIGUITY: Patent.</span>

A latent ambiguity arises from facts not disclosed in the instrument. For example: A. grants or devises to B. his home farm. To identify the land, resort may be had to extrinsic evidence, namely, the knowledge of witnesses, who are acquainted with the farm upon which A. then dwelt. Parol evidence has always been admitted to give effect to a written instrument, by applying it to its subject matter; in other words, by proof of the circumstances under which it was made. *Bradley v. Packet Co.*, 13 *Peters*, 89; *Hill v. Felton*, 47 *Ga.*, 455; *Clarke v. Lancaster*, 36 *Md.*, 196; *Donley v. Tindall*, 32 *Texas*, 43.

<span style="float:right">Latent ambiguity.</span>

Here the ambiguity is latent. Is the description so defective that it is impossible by the aid of parol evidence to locate the land? It is in a certain county, and in a certain school district, which has definite boundaries, is parcel of the tract upon which stood the residence of Benjamin I. Edwards; contains three acres and is described by metes and bounds, and by visible monuments, to-wit: the grave-yard, the school-house, the highway, corner stakes and an initial tree from which to start. And defendant had gone into possession. A competent surveyor could have found the land without much difficulty.

In conveyancing lawyers commonly follow the system of notation established by the general government, distinguish-

ing lands according to their legal subdivisions. This furnishes a description at once convenient and accurate. But it is not necessary to mention the section, township and range. *Cooper v. White*, 30 *Ark.*, 513.

When the land lies in a city or town, the description is usually by reference to the lots and blocks of a recorded plat.

In *Brown v. Coble*, 76 *N. C.*, 391, the description was by metes and bounds, reference being made for the purpose of locating the calls, to the order of sale granted in a proceeding for partition. It was there described as a tract of land, of which John Brown died seized and possessed, in the county of Guilford, on the waters of Stinking Quarter, adjoining the lands of ———. And the description was held sufficient.

3. **E v i - DENCE:** *Unrecorded deed is not, unless proved.* Did the Circuit Court permit the unrecorded deed of Edwards to the defendant's trustee to be read in evidence without due proof of its execution?

It is a peculiarity of our law that the officer's certificate to the acknowledgment of a deed has not evidential force until the instrument has been recorded. *Gantt's Dig.*, sec. 854; *Wilson v. Spring*, 38 *Ark.*, 181.

There was no attesting witness. Edwards was dead and no attempt was made to prove his handwriting. But the Justice of the Peace, who certified to the acknowledgment and whose certificate could not be read in evidence without record testified that Edwards had in 1870 acknowledged the execution of the deed before him. Upon this the Court allowed the deed to go to the jury to show the extent of defendant's possession.

It seems when a document is offered in evidence for a collateral purpose, the admission of the party by whom it purports to have been executed is prima facie proof of execution. *Wharton on Evidence*, sec. 689.

Dorr v. School District No. 26, &c.

Color of title may arise under a void or worthless deed. Yet the deed may be used to explain and define the possession. *Roberts v. Pillow, Hempst. Rep.*, 624, affirmed in error; 13 *How.*, 472; *Hamilton v. Boggess*, 63 *Mo.*, 233.

> 4. DEED: Void. Color of title. Possession.

Upon the same principle may be justified the admission of the preliminary survey of 1868. True the plat and survey were not annexed nor referred to in the deed, and considering the deed as the sole muniment of the defendant's title, could afford no evidence in aid of the description of the property. *Shirras v. Caig*, 7 *Cranch*, 34.

But they might be important in connection with other proofs, in fixing the origin, date and limits of the possession.

The plaintiff offered but was not permitted to prove, declarations made by Edwards to him at the time of his purchase, to the effect that the house was occasionally used for a school house and church solely by his permission and not as a matter of right. But Edwards had before that time parted with the legal title to the three acres and no subsequent declarations by him, in the absence of the grantee, could be given in evidence to impeach the validity of the gift and conveyance. *Gullett v. Lamberton*, 6 *Ark.*, 109; *Ryburn v. Pryor*, 14 *Id.*, 505; *Prater v. Frazier*, 11 *Id.*, 249; *Merrill v. Dawson, Hempst. Rep.*, 563; *Clinton v. Estes*, 20 *Ark.*, 216; *Finn v. Hempstead*, 24 *Id.* 111.

> 5. EVIDENCE: Declarations of vendor after conveyance not admissible to impeach title.

But if we have made a mistaken application of the principles of construction or of the rules of evidence to the facts of this case, we should not send it back for another trial, because the verdict and judgment are right upon the whole record. The defendants have held under a claim of right for more than ten years. Neither actual occupation, cultivation nor residence is necessary to make out a claim of adversary possession. Much depends on the situation of the property and the use to which it is applied. *Mooney v. Coolidge*, 30 *Ark.*, 655.

> 6. ADVERSE POSSESSION: What is.

Here the premises were applied to the use for which they were designed and the only use of which they were susceptible.

Affirmed.