## WATSON *v*. CRUTCHER. .

Opinion delivered April 9, 1892.

*Conveyance—Description of land.*

> An agreement to convey the north half of a certain quarter section of land, "less twenty-five acres off the south side," manifests, *prima facie* at least, the intention that the land reserved should be laid off in a parallelogram with the whole of the south line of the north half of the quarter section in question as its base.

Appeal from Woodruff Circuit Court in Chancery.

Crutcher brought suit against Watson to compel specific performance of a written contract to convey, among other lands, the north half of the southeast quarter of section three in township six north, range three west, less twenty-five acres off the south side thereof. The decree of the court was in plaintiff's favor, adjudging that the title to the lands described in the complaint be vested in plaintiff, and that the line cutting off the said twenty-five acres be run parallel with the south boundary line of the north half of the northeast quarter of section three, township six north and range three west. The defendant has appealed.

*J. N. Cypert* for appellant.

*J. W. House* for appellee.

COCKRILL, C. J. The appellant concedes the appellee's right to a specific performance. There is no controversy as to the quantity of land he should convey—the location of twenty-five acres of it in the north half of the southeast quarter gives rise to the only controversy. The appellant maintains and undertook to prove that it should be laid off in an irregular form. The description, as given in the written obligation to convey,

after the call for other tracts by legal subdivisions, is as follows : North half of southeast quarter of section three, in a given township and range, "less twenty-five acres off the south side."

As to whether parol proof was admissible to explain or vary this description, in the absence of proof of a mistake, we need not determine. *Prima facie*, at least, it manifests the intention to lay the twenty-five acres off in a parallelogram with the whole of the south line of the north half of the quarter section in question as its base. That is the effect of the decision of *Beidler* v. *Railway*, 45 Ark. 17. If the appellant could raise an ambiguity out of the description so as to let in parol proof of a different intention, or if there was a mistake which he desired to correct, the burden was upon him to prove his contention by a clear preponderance of the testimony. *Mooney* v. *Cooledge*, 30 Ark. 640. In that he has failed, and the judgment should be affirmed.