## WALKER *v.* DAVID.

### Opinion delivered January 5, 1901.

1. DEED—CONSTRUCTION.—A deed is not to be held void for uncertainty if by any reasonable construction it can be made available. (Page 546.)

2. SAME—CONDUCT OF PARTIES.—Though a description in a clear and unambiguous deed cannot be set aside by parol proof of the acts of the parties, either before or after the deed, still in a case of doubtful description it is competent to look to the construction placed on the deed by the parties themselves as an aid to its meaning. (Page 546.)

3. SAME—SUFFICIENCY OF DESCRIPTION.—Where the owner of land properly described as the north half of the west half of a certain quarter section, containing 44 acres, sold it and placed his grantee in possession under a deed describing it as the north part of the west half of such quarter section, "containing 44 acres, more or less," the deed will be sufficient to convey the land, at least where the grantor owned no other land in the quarter section described. (Page 546.)

4. SAME—QUANTITY OF LAND.—In a deed conveying a certain number of acres "more or less," the words "more or less" are precautionary, and intended to cover slight or unimportant inaccuracies, but not to weaken or destroy the indications of quantity, when no other guide is furnished. (Page 547.)

5. SAME—OPERATION AS CONTRACT TO CONVEY.—If the grantee in a deed describing the land insufficiently has paid the purchase money and gone into possession, the heirs of the grantor cannot recover the land in ejectment, as the deed, if denied effect as a conveyance, would be good as an executory contract to convey. (Page 548.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

John H. David and others brought this action of eject-ment against India A. Walker and others to recover a tract of land in St. Francis county containing 44 acres. The plaintiffs claim the land as heirs of Rebecca Cook, who at one time owned the land, and was in possession of it at her death. During her life, and while she held the land, she and her hus-band, S. W. Cook, made and recorded a written declaration adopting her sister, Clementine D. David, as their heir at law. After the death of his wife, Cook married her sister and adopted heir, Clementine David. Subsequently Cook and his wife, Clementine, sold and conveyed this land to Lymus Walker, and placed him in possession of it. Walker held pos-session until his death, and the land is now claimed by his widow and children, who are defendants in this action. On the trial there was a finding and judgment in favor of the plain-tiffs, from which judgment defendants appealed.

*John Gatling,* for appellants.

As to title in the husband by adverse possession, see 71 N. W. 593. Appellant's possession has been adverse to all other claimants. 28 S. W. 156; 36 Ark. 356. The descrip-tion in the deed is sufficient. 40 Ark. 240.

*Norton & Prewett* and *S. H. Mann,* for appellees.

A husband cannot acquire title adverse to his wife when holding under her. 35 Ark. 84; 47 Ark. 287. The burden of proof is on the one alleging adverse possession. 65 Ark. 422. The description of the land in the deed was too indefinite. 48 Ark. 419. Patent ambiguities cannot be corrected by parol. 41 Ark. 495.

RIDDICK, J., (after stating the facts.) This is an action of ejectment. The plaintiffs claim as the heirs of Rebecca Cook, and also as the heirs of Clementine Cook. The defendants claim under a purchase and deed from Clementine Cook. It is not

disputed that Clementine Cook was the adopted heir of Rebecca
Cook, the former owner of the land sued for, and the only
question presented by the appeal has reference to the deed exe-
cuted by Clementine Cook and her husband, S. W. Cook, to
Lymus Walker, the ancestor of the defendants. The plaintiffs
contend that such deed is void for uncertainty in the descrip-
tion of the land attempted to be conveyed.

The land owned by Mrs. Cook, and which she and her
husband sold and undertook to convey to Lymus Walker, was
the northwest quarter of the southwest quarter of section 30,
township 5 north, range 3 east, containing 44 acres. The deed
from Cook and his wife described the land as "the north part
of the west half of the southwest quarter of section 30, town-
ship 5 north, range 3 east, containing 44 acres, more or less."
If the deed, instead of describing the land as the "north part"
of the west half of southwest quarter of section 30, had de-
scribed it as the "north half" of the west half of southwest
quarter of section 30, etc., there would have been no contro-
versy about the description, but as written there is room for
doubt as to its validity. But a deed is not to be held void for
uncertainty if by any reasonable construction it can be made
available. *Dorr* v. *School District,* 40 Ark. 237. It is clear
that the parties intended that it should have effect, and that
intention should be carried out if consistent with a reasonable
construction of the language used.

When the description of the land as given in the deed is
doubtful, the courts, in their endeavor to arrive at its meaning,
should assume the position of the parties. The circumstances
of the transaction should be carefully considered, and in the
light of these circumstances the words should be read and in-
terpreted. 2 Devlin, Deeds (2 Ed.) § 1012.

The circumstances here are that Cook and his wife
owned the north half of the west half of the southwest quar-
ter of section 30, containing 44 acres, and owned no other
land in that section. The land was improved and nearly all
under fence. They sold it to Lymus Walker, and put him in
possession of it, describing it in the deed which they executed
and delivered to him as the north part of the southwest quar-

ter of section 30, etc., containing 44 acres, more or less. Now, apart from the circumstances surrounding the conveyance, a description of that kind shows *prima facie* an intention to convey 44 acres off the north part of the west half of the quarter section laid off in the shape of a rectangular parallelogram with the north line of the west half of the quarter section as one of its sides. *Watson* v. *Crutcher*, 56 Ark. 44. The proof shows that a rectangular tract containing 44 acres laid off in that way in the north part of the west half of the quarter section would take exactly the north half of the west half of the quarter section. And the .circumstances in proof show that such a construction of the deed coincides with the intention of the parties thereto. Though a description in a deed which is clear and unambiguous cannot be set aside by parol proof of the acts of the parties, either before or after the deed, still in a case of doubtful description it is competent to look to the construction placed on the deed by the parties themselves as an aid to ascertain its meaning. 1 Jones, Real Prop. § 334; *Harris* v. *Oakley*, 130 N. Y. 1.

Taking into consideration the fact that Cook and his wife owned no other land in that section, that they sold the tract in controversy to Walker and put him in possession of it, and thereafter recognized it as his land, there cannot be the slightest doubt as to what land they intended to convey. But it is said that the construction we have placed on this deed cannot be maintained here for the reason that the quantity of and s given in the deed as "forty-four acres, more or less." It is urged that the addition of the words "more or less" makes the number of acres given of no avail in the description, and that the court cannot say what quantity of land was intended to be conveyed. But we are of the opinion that the use of the words "more or less" do not alter the conclusion to be derived from the number of acres given. These, said the court of appeals of New York, are words of precaution, and intended to cover slight or unimportant inaccuracies, but they do not weaken or destroy the indications of quantity, when no other guide is furnished. *Oakes* v. *DeLancey*, 133 N. Y. 231; 1 Jones, Real Prop. § 407.

For these reasons we think the circuit judge erred in holding the deed to be void for uncertainty, and in excluding it from the jury.

But, even if we should concede the contention of counsel that the description of the land in the deed was too vague and indefinite to pass the title, it would not follow that the plaintiffs could recover the land.   The heirs of the vendor could not in such a case avoid the consequences of his deed; for, while it might be denied effect as a deed, it would be good as an executory contract to convey.   Warvelle, Vendors, §§ 342, 946; *Gilmore* v. *Hamblin*, 37 Ark. 626; *Conrad* v. *Schwamb*, 53 Wis. 372.   The case then would be that the vendor, having put the vendee in possession of the premises under a written contract to convey, could not maintain ejectment without showing that the vendee, or those holding under him, were in default in the performance of the contract.   But it is not claimed that there was any default on the part of the vendee here.   On the contrary, we infer from statements in the briefs of counsel that the purchase money has been paid in full, though the record is silent on that point.   It is true that this view of the case does not seem to have been presented by counsel, either here or in the circuit court, but under the admitted facts it constitutes, we think, another reason why plaintiffs should not recover in this action.

For the reasons given the judgment is reversed, and a new trial ordered.