HARVEY *v.* DOUGLASS

Opinion delivered December 3, 1904.

1. EJECTMENT—GENERAL DENIAL.—A general denial of plaintiff's ownership of the land, where the complaint specifically set forth plaintiff's alleged title, raises no issue. (Page 224.)

2. SAME—DOCUMENTARY EVIDENCES—WAIVER OF OBJECTIONS.—All objections to plaintiff's documentary evidences of title, not presented by defendant in the lower court, are waived, under Sandels & Hill's Digest, § 2580, and cannot be insisted upon on appeal. (Page 225.)

3. TAX SALE—EXCESSIVE COSTS.—A sale of land for delinquent taxes is vitiated by including in it an excessive amount of costs. (Page 225.)

4. SAME—EFFECT OF EXTENDING TIME FOR PAYMENT OF TAXES.—The passage of the act of February 28, 1871, extending the time for the payment of the taxes of 1870 sixty days, but fixing no day of sale of delinquent land, extended the time for selling delinquent lands one year. (Page 226.)

5. SAME—LANDS TRANSFERRED TO NEW COUNTY.—Under Acts 1871, p. 339, providing that "the lands delinquent for 1870, lying within the (newly created) county of Lincoln shall be sold as prescribed by law by the sheriff of said county; and to that end the several clerks of the counties of Drew, Jefferson, Bradley, Arkansas and Desha shall transmit to the county clerk of the county of Lincoln lists of such delinquent lands lying in the territory within said county of Lincoln, which was stricken from their respective counties," a sale of lands for the taxes of 1870 in Arkansas county is void when the above act had transferred them to Lincoln. (Page 226.)

6. LIMITATIONS—TAX TITLES.—Sandels & Hill's Digest, § 4819, providing that "no action for the recovery of lands, or for the possession thereof, against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, * * * shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands

in question within two years next before the commencement of such suit or action," contemplates possession by virtue of a deed, and not under a certificate of purchase merely. (Page 226.)

7. SAME—MARRIED WOMEN.—Title to land by adverse possession for seven years cannot be built up against a married women. (Page 226.)

8. DEED—AMBIGUITY.—A conveyance of land which describes it as part of a certain subdivision of a section is not void for ambiguity if the section is on a river whose meanderings makes the section fractional, as appears from the Government survey. (Page 226.)

9. TAX TITLE—AFFIDAVIT OF TENDER OF TAXES.—In ejectment to recover land from a tax purchaser the suit will not be dismissed for plaintiff's failure to make the affidavit of tender of taxes and improvements, as provided by Sandels & Hill's Digest, § 2595, where the sale was made without authority. (Page 227.)

Appeal from Lincoln County Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Mrs. Douglass brought this action of ejectment in the Lincoln Circuit Court against the appellees, Harvey, Woods and Atkinson, alleging that she was the owner and entitled to the immediate possession of the real estate therein described, set forth her title, and that the defendants had been in the unlawful possession of it for the past two years, claiming under some sort of title emanating from Thomas E. Douglass. She deraigned her title as follows, making the muniments exhibits to the complaint.

1. Entry by Wm. Fields, and certificate thereof, from United States Land Office. 2. Deed from Wm. Fields to Wm. Pope. 3. Tax deeds conveying land sold as that of Wm. Pope to Wm. Dougherty. That Dougherty went into possession and held actual possession for seven years prior to his death in 1885. 4. Deed from the administrator of Dougherty's estate to Thomas E. Douglass. The complaint alleges appropriate orders for sale and the approval thereof. The deed does not show approval by the court. Execution sale against Douglass and purchase by Thedford. 6. Deed from Thedford to Zuleika Douglass, the plaintiff.

On the United States plat the land in question is described as follows: East fractional part of southeast quarter, and east fractional part of southwest quarter, section 13; west half of the southwest quarter of section 13; east fractional half and south-west fractional quarter of section 24, and west half of the north-west quarter of section 24, all described to be in township 7 south, of range 5 west.

This description is substantially the description in plaintiff's various muniments of title.

The answer of the defendant begins as follows, after the caption: "The said defendants for answer to plaintiff's complaint denies that she is the owner and entitled to the possession of the lands mentioned in the complaint, and that they unlawfully detain said lands from her." Then the answer proceeds to allege a tax purchase by Wm. A. Sample of these lands (under a somewhat different description) for delinquency in payment of taxes for the years 1869 and 1870, and that Sample entered into possession and had been in continuous possession thereof, himself or his heirs, for twenty-five years, and the defendants claimed under his heirs as their tenants.

Defendants also filed motion to dismiss for want of affidavit of tender of taxes, costs and improvements, alleging that the defendants claimed under a purchase at tax sale. This motion was overruled. The case was tried upon the record evidence and two admissions of fact, one that the plaintiff, Mrs. Douglass, was a married woman when she acquired title in 1868, and has ever since been the wife of Thomas E. Douglass, and the other that the defendants were holding as tenants under the heirs of Sample. The judgment was for the plaintiff, and defendant has appealed.

*X. J. Pindall,* for appellants.

The tax deeds were void because several tracts were sold together for a gross sum. Rev. St. c. 128, § 82; 31 Ark. 491; 30 Ark. 579. These deeds recite that Wm. Pope was a non-resident, and the deeds do not recite facts enough to show good title. 13 Ark. 249-250. The court erred in overruling the defendant's exceptions. The administrator's deed is void because it does not appear that the sale was ever approved by the court which ordered same. 47 Ark. 413.

*W. S. & F. L. McCain, N. J. Gantt, Jr.*, and *J. W. Crawford*, for appellee.

The answer is insufficient because the denial "that the plaintiff is the owner and entitled to the possession" is a mere conclusion of law. Sand. & H. Dig. § 5715; *Ib.* 2578; 50 Ark. 562. The complaint deraigned title in accordance with the law, and by failure to specifically deny same appellants have admitted it. 41 Ark. 135; 44 Ark. 517; 62 Ark. 31. The answer admits, by failure to deny, that Dougherty held by color of title. 7 Wheat, 105; 50 Ark. 154; 38 Ark. 181; 62 Ark. 56; 10 Johns. 339. Defendants cannot avail themselves of any objections to title not taken in the lower court. 99 U. S. 665; 38 Ark. 389. Even if the deeds were void, they gave color of title, and seven years peaceable possession perfected a title by limitation. 20 Ark. 508; 20 Ark. 542. The lands in section 13 were sufficiently described. 68 Ark. 544; 120 Ind. 119, s. c. 22 N. E. 127; 1 Sm. & M. Ch. 338; 15 Mo. 309; 112 Ill. 554; 67 Mo. 100; 67 Ill. 581. There was no error in overruling the motion to dismiss. Cooley, Taxation, 533; 51 Ark. 397; 43 Ark. 398. The amount of penalty and costs was excessive. 61 Ark. 26; 56 Ark. 96.

HILL, C. J., (after stating the facts.) 1. The first question to consider in the case is as to the issues betwen the parties. The general denial of ownership of the land, when the alleged title is set forth specifically as required by good pleading, raises no issue at all. This court declared the chief object of the reform system of pleading is "to compel the adverse parties to disclose to each other the facts upon which they rely to uphold the claim upon the one side, and to maintain the defense on the other, in order that each may know what he is required to establish or repel by proof upon the trial." *Hecht* v. *Caughron,* 46 Ark. 133. In other words, the object of the Code system is to force a trial on the merits, and pleadings must furnish the opposite party notice of exactly what is to be relied upon in a trial on the merits. The general denial of the legal conclusion stated in the complaint (which had no proper place there; section 2578 of Sandels & Hill's Digest prescribes the substance of the complaint) does not disclose any fact relied upon. As Chief Justice Cockrill forcibly said: "The formal general denial goes for naught." *Shirk* v. *Williamson,* 50 Ark. 563. See

*Beard* v. *Wilson,* 52 Ark. 290. Disregarding this denial, and looking to the merits of the answer, these are the only issues presented: (1) the tax purchase asserted in behalf of Sample; (2) adverse holding for twenty-five years; (3) the description of the land is put in issue this way: the defendants claim under a different description from that asserted in the complaint, and the answer may be treated as alleging the incorrectness of plaintiff's description, and in the exceptions to the various muniments of title of plaintiff it is alleged that the deeds are void for uncertainty in the description. Various exceptions were filed to plaintiff's muniments of title. Some of these urged here; others not presented in the lower court are urged here. These latter cannot be considered, under section 2580, Sandels & Hill's Digest. It is provided by section 2578 of Sandels & Hill's Digest that the plaintiff and defendant must each plead the title relied upon, stating such facts as make a *prima facie* title in himself, and exhibit with his pleadings the deeds and other written evidences of his title. Section 5761 provides that allegations not specifically denied must be taken as true. Section 2578 has been substantially followed by each party hereto, in so far as pleading title in themselves, respectively; but the defendants (appellants here) sought by exceptions to various evidences of plaintiff's title to raise issues thereupon which were not raised by the answer. The failure of the defendants to controvert the *prima facie* title pleaded by plaintiff, and pleading in avoidance thereof a tax purchase and adverse possession as the *prima facie* title in themselves, was an admission of plaintiff's title, and rendered wholly immaterial the evidences of it which are sought by these exceptions to be attacked.

2. The tax purchase relied upon was void. Without considering all of the objections raised to it, it is sufficient to say that two hereafter mentioned defeated it. The first is as to the amount of costs for which the land sold. The certificate introduced to prove the sale showed the costs were $1.85. This was excessive, and avoided the sale. *Goodrum* v. *Ayers,* 56 Ark. 96; *Cooper* v. *Freeman Lumber Company,* 61 Ark. 36; *Darter* v. *Houser,* 63 Ark. 475.

S C—8

*As to the validity of the sale in Arkansas County.* On the 28th day of February, 1871, the time for the payment of taxes was extended 60 days. This extended the sale for one year. *Vernon* v. *Nelson,* 33 Ark. 748. During those 60 days this land was detached from Arkansas County and placed in Lincoln County, then formed. The act creating Lincoln County provided that the delinquent taxes due upon tracts within it should be certified to the clerk of Lincoln County by the various clerks of the counties from whose territory it was formed, and the lands should be sold in Lincoln County for the taxes thus transferred to it. Hence this sale in Arkansas County was a nullity.

3. *As to the plea of adverse possession.* The two years' statute (section 4819, Sand & H. Dig.) contemplates possession under a deed. The answer does not allege a deed, merely a purchase; and the motion to dismiss for not having made the affidavit of tender of taxes and improvements does not claim that defendants were holding under a deed, but a purchase. If this is the statute relied upon, it would not apply without the deed having been issued. *Gates* v. *Kelsey,* 57 Ark. 523; *Helena* v. *Hornor,* 58 Ark. 151; *McCann* v. *Smith,* 65 Ark. 305.

The seven-year statute could not apply because the agreed statement of fact was that Mrs. Douglass has been a married woman ever since a date prior to this sale and the possession of defendants. Title by adverse possession for seven years cannot be built up against a married woman. Sand. & H. Dig. § 4815; *Hershy* v. *Latham,* 42 Ark. 305.

4. The description of the land in section 13, designating it as "parts" of a given subdivision of the section, is ordinarily void, but it is not necessarily so.

The court knows judicially that this land is on the Arkansas river, and from these descriptions it is apparent that the sections are made fractional by the meanderings of the river. The certificate from the United States Land Office shows that the Government survey describes these tracts as herein given, with the number of acres to a fraction of each of the "parts." The survey made by the United States is easily accessible, and the field notes thereof, as well as the plats, and from them any competent surveyor could locate and run out the lines. Monuments were set when the survey was made, and in many instances they

yet remain. It is a well-known fact that the Governmental surveys can be readily retraced from the field notes and monuments.

Under the decisions of this court in *Dorr* v. *School District,* 40 Ark. 237, and *Walker* v. *David,* 68 Ark. 544, this description did not render the deed void for uncertainty.

5. There was no error in overruling the motion to dismiss the suit for the failure to make the affidavit of tender of taxes and improvements, as provided in section 2595, Sandels & Hill's Digest. That statute applies to sales void for irregularities and omission of the officers, not to such sales as the one here in question made in Arkansas County without authority, etc. *Douglass* v. *Flynn,* 43 Ark. 398; *Kelso* v. *Robertson,* 51 Ark. 397.

The judgment is affirmed.