### SCOTT *v.* DUNKEL BOX & LUMBER COMPANY.

### Opinion delivered December 23, 1912.

1.  DEEDS—INSUFFICIENCY OF DESCRIPTION.—An offer to prove title to certain land by introducing in evidence a deed to the same as follows: "Balance west of river, fractional north half of section 17, in township 19 north, of range 3 west, in Randolph County, Arkansas and containing 100 acres, more or less."  *Held*, such deed was properly excluded.at the trial, because the description of .the lands therein was insufficient.    (Page 88.)

2.  SAME—MEANING OF WORDS.—An inaccurate description as to acreage will not be fatal; but the word *balance* will not be construed to mean *all*, when there is nothing to indicate an intention that it shall mean *all*, and its ordinary use negatives the idea.    (Page 88.)

3.  SAME—AMBIGUOUS DESCRIPTION.—Parol evidence is admissible to explain a latent ambiguity in the description in a deed, if it is sufficient to explain the description.    (Page 86.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; affirmed.

#### STATEMENT BY THE COURT.

At the July, 1912, term of the Randolph Circuit Court, the appellant instituted this action against appellee, alleging in his complaint that he was the owner of the following described lands in that county, towit, fractional north half of section 17, in township 19 north, and range 3 east; and that appellee had been trespassing on said lands by cutting and removing timber thereform of the value of $3,525 and had damaged young and growing timber on said lands of the value of $500 and asked for treble damages.

Appellee, answering, denied all the material allegations of the complaint and asserted ownership in itself to the lands by virtue of a conveyance from the Western Tie & Timber Company, a corporation.

The appellant, testifying in his own behalf, asserted ownership in the lands upon which the alleged trespass had occurred and attempted to establish his title thereto by offering in evidence a deed to said lands from the said Western Tie & Timber Company to one J. R. Shiveley, and a deed from the said J. R. Shiveley and wife to appellant, describing a tract of land as follows:

"Balance west of river, fractional north half of section seventeen (17) in township nineteen (19) north, of range three (3) east, of the fifth principal meridian, in Randolph County, Arkansas, and containing 100 acres, more or less."

The appellee objected to the introduction of said deeds in evidence, alleging that the description of the lands therein was insufficient. The court sustained said objection, to which ruling the appellant excepted.

Thereupon, the appellant offered to prove that at the time of the execution of the deed, offered in evidence, from the Western Tie & Timber Company to J. R. Shiveley, the said Western Tie & Timber Company owned all the land in fractional north half, section 17, in township 19, range 3 east, in Randolph County, Arkansas. And appellant also offered to prove that it was a custom among surveyors, in surveying and describing the lands lying adjacent to Black River or Current River in said county, to describe such lands as being "east of the river" if on the right bank thereof, and "west of the river" if on the left bank thereof. The court refused to allow the introduction of this evidence and at the request of appellee gave the jury a peremptory instruction to return a verdict in its favor, and from the action of the court in so doing, the appellant prosecutes this appeal.

*S. A. D. Eaton*, for appellant.

Proof should have been admitted, when offered, to show that Western Tie & Timber Company, at the time of the execution of the deed to Shiveley, owned all the fractional north half of section 17, and to show the custom among sur-

veyors in surveying the lands adjacent to Black River to describe the same as being "east of the river," if on the left bank thereof, and "west of the river" if on the right bank, because, if admitted all ambiguity in the description would have been eliminated.   70 Ark. 355.

A deed will not be held void for uncertainty if by any reasonable construction it can be made available.   The fact that the quantity stated in the deed was 100 acres will not prevail to weaken the indications of quantity in the general description.   64 Ark. 240; 68 Ark. 544.

In support of his argument quoted in the opinion appellant cites 30 Ark. 640; 31 Ark. 74; 35 Mo. 64; 1 Dembitz on Land Titles, No. 6.

*A. S. Irby* and *Witt & Schoonover*, for appellee.

The deeds offered in evidence were properly excluded. They are invalid because of insufficiency in the description of the land.   77 Ark. 576; 83 Ark. 199; 69 Ark. 358; 99 Ark. 154; 94 Ark. 306.

SMITH J., (after stating the facts).   The rule is well established that a deed is not to be held void for   uncertainty, if by any reasonable construction it can be made available. *Dorr* v. *School District*, 40 Ark. 237, *Walker* v. *David*, 68 Ark. 546.   And when the description of the land as given in the deed is doubtful, the courts, in their endeavor to arrive at its meaning, should assume the position of the parties.   The circumstances of the transaction should be carefully considered, and in the light of these circumstances, the words should be read and interpreted.   *Walker* v. *David*, *supra*, 2 Devlin on Deeds (3 ed.), 1012.

It was said in the case of *Dorr* v. *School District*, *supra*, that parol evidence can not be admitted to contradict or control the language of a deed.   But latent ambiguities may be explained by such   evidence.   Facts, existing at the time of the conveyance and prior thereto, may be proved by parol evidence with a view of establishing a particular line as being the one contemplated by the parties, when by the terms of the deed such line is left uncertain.

It was further said in the above quoted opinion that "an ambiguity is patent, that is, apparent on the face of an

instrument where the mere reading of it shows that something must be added before the reader can tell which of several things or persons is meant.   In such cases the defect is incurable.

A latent ambiguity arises from facts not disclosed in the instrument.  For example, A grants or devises to B his home farm.  To identify the land, resort may be had to extrinsic evidence, namely, the knowledge of witnesses, who are acquainted with the farm upon which A then dwelt.  Parol evidence has always been admitted to give effect to a written instrument, by applying it to its subject-matter; in other words, by proof of the circumstances under which it was made."

The description here is a latent ambiguity and the evidence offered should have been admitted, if it was sufficient to explain the description.  The description of the land as contained in the deed recites the fact that it is in Randolph County, and the evidence of the custom of surveyors, in referring to the banks of Black River, would have shown that no conflict existed between the statement, that the land was west of the river and in Randolph County, although the course of this river is such that the principal part of the north half of section 17, and the part of which the land here conveyed is a portion, is east of the river.  The remainder of north half, section 17, is in fact west of the river and in Clay County.

But the proof which would have made this explanation, as to the course of the river, does not furnish the information to identify the land intended to be conveyed.  Neither would the proof that at the time of the conveyance to appellant from the Western Tie & Timber Company, it owned all of north half of section 17, in Randolph County.  Appellant says that the river forms the boundary between Clay and Randolph counties through the land in controversy; a fact of which we must take notice, and we are cited to the case of *Bittle* v. *Stuart*, 34 Ark. 224, where Judge EAKIN, speaking for the court, said:  "The courts take judicial notice of the United States system of land surveys; the base lines, meridians, townships and ranges thereby established, and the relative positions of the sections in the townships; also of the division of the State into counties, and the boundaries of those counties as described in public acts; and also, of the principal geograph-

ical features of the State, including navagible rivers." The proof here does not show the acreage of the land, which appellant is claiming under his deed for 100 acres, more or less, but if the requirement that we take judicial knowledge of the public surveys, includes the duty to observe the acreage as shown thereby, then we not only know that this river is the boundary between Clay and Randolph counties, but we also know from the records in the office of the Commissioner of State Lands that there are 253.95 acres of land on the Randolph County side of the river and 45.29 acres on the Clay County side. The remainder of this half section is taken up by the river.

The appellant argues as follows: "The word 'balance' used in the description of the lands embraced in said deed, if it mean anything, must refer to the remainder of the lands owned by the grantor in the fractional north half of said section 17, in Randolph County, after previous grants. Therefore, as there is nothing in such deed from which any former conveyance of said lands or any part thereof can be inferred, such former conveyance, if any, would be in the nature of an exception or reservation in favor of the grantor; and if, as appellant offered to prove, the grantor, the Western Tie & Timber Company, owned the entire fractional north half of said section 17, in Randolph County, at the time of the execution of its deed to Shiveley, then such exception or reservation in favor of the grantor would be void and the entire tract would have passed to the grantee free from any such exception or reservation."

And to support his reasoning, cites the case of *Mooney* v. *Cooledge*, reported in 30 Ark. 640. In that case, Mooney was the owner of a tract of land near Helena, containing 147 acres, and in a deed to Hawks and others, which properly described the whole tract, undertook to reserve from the operation of the deed, a certain part of the tract, but the land excepted was so imperfectly described that it could not be located, and it was there said that the same certainty of description is required in an exception out of a grant, as in the grant itself; and where a deed excepted out of a conveyance one acre of land, and there was nothing in the exception, or evidence, to locate it upon any particular part of the tract, the exception

was void for uncertainty, and the grantee took the entire tract.

But here we do not have the case of a grantor, who describes his entire tract and makes a reservation of land not intended to be conveyed. There is but a single description and that is the land which is attempted to be conveyed.

The discrepancy between the acreage as given in the deed and that which the appellant claims does not alone render the deed void. Under a conveyance of 100 acres, "more or less," he might take the title to 253.95 acres, if the description was otherwise sufficient for that purpose. The most general terms of description employed in deeds to ascertain the things granted are: (1) quantity, (2) course and distance, (3) artificial or natural objects and monuments. And whenever a question arises as to description, the terms or objects most certain and material will govern. Therefore quantity yields to course and distance and course and distance to artificial and natural objects. *Doe* v. *Porter,* 3 Ark. 18.

" A call for quantity in a deed must yield to a more definite description by metes and bounds. The quantity of land conveyed is generally mentioned in the deed; but without an express averment or covenant as to quantity, it will always be regarded as a part of the description merely, and it will be rejected if it be inconsistent with the actual area of the premises, if the same is indicated and ascertained by known monuments and boundaries. It aids but does not control the description of the granted premises. *Campbell* v. *Johnson,* 44 Mo. 250.

Our own court has said of the words "more or less," when used in the description of land conveyed that they are words of precaution, intended to cover slight or unimportant inaccuracies, but that they do not control an otherwise good description. *Walker* v. *David,* 68 Ark. 544.

If the proof indicated that the intention of the parties to the deed was that the word "balance" should be given a definition contrary to its ordinary acceptation and defined as meaning "all," then that meaning would be given it to effectuate the intention of the parties. *Beardsley* v. *Nashville,* 64 Ark. 243. But that intention will not be assumed when there is nothing to indicate its existence and when the word in question in its ordinary use and under its dictionary meaning

negatives the very idea itself. *Colonial & U. S. Mortg. Co.* v. *Lee,* 95 Ark. 253.

The judgment of the court below is therefore affirmed. KIRBY, J., dissents.