JENKINS v. ELLIS.

Opinion delivered February 2, 1914.

1. DEEDS—RULE OF CONSTRUCTION.—The language used in a deed will be interpreted most strongly against the grantor. (Page 222.)

2. DEEDS—RULE OF CONSTRUCTION.—If by any reasonable construction a deed can be made available, that construction will be adopted. (Page 223.)

3. DEEDS—DESCRIPTION—WORDS OF QUANTITY.—Usually the designation of the quantity yields to more definite words describing boundaries in deeds, but in the absence of any conflict, the descriptive words as to quantity are important as ariving at the intention of the grantor. (Page 223.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*J. M. Brice,* for appellant.

1. The original surveys by the United States control as to boundaries. 97 Ark. 193; 97 Am. St. 310; 110 *Id.* 910; 22 Fla. 515; 1 So. 149; 20 S. W. 673.

2. Quantity must yield to course and distance, which must give way to artificial and natural objects. 3 Ark. 57; 13 Strath. (S. C.) 132; 97 Am. St. 310; 11 Ill. 279; 95 Ark. 375; *Ib.* 151; 64 Ark. 240.

3. Parol testimony was admissible to show the meaning of the parties. 12 A. & E. Ann. Cas. 296, and note; 95 Ark. 150; *Ib.* 375.

*Moncrief & Henderson,* for appellee.

1. All deeds are construed most strongly against the grantor. 3 Ark. 57.

2. The deed calls for eighty acres, and no boundaries are fixed or described. The call for quantity prevails. 3 Ark. 57; 36 Am. Dec. 448-453; 65 Miss. 563; 7 Am. St. 679; 45 Am. Dec. 752; 83 Ala. 220; 45 Ark. 17.

3. There is no ambiguity in the description. 58 Am. St. 17. The language is plain and the construction was for the court. 103 Ark. 425; 83 *Id.* 170; 71 *Id.* 289; 79 *Id.* 172; 89 *Id.* 247.

4. The mention of quantity after a definite description does not amount to a covenant unless expressly so declared. 95 Ark. 150, 375.

5. The terms of a deed can not be changed by parol evidence. 30 Ark. 186-197; 29 *Id.* 544-7. Nor can title be divested by oral statements or parol agreement. 66 Ark. 26; 80 *Id.* 444; *Ib.* 575.

McCULLOCH, C. J. Appellant owned a quarter section of land in Arkansas County, described as the fractional northwest quarter of section 30, township 4 south, range 1 west, which contains 153.40 acres, and on September 7, 1910, he conveyed a portion of said tract to Nosworthy & Co. (a partnership), described in the deed as "The north 80 of fractional northwest quarter, section 30, township 4 south, range 1 west—eighty acres." A few weeks later Nosworthy & Co. executed a deed con-

veying the land to appellee, Ellis, who took possession of the same and fenced it, including in his enclosure the full area of eighty acres.

Appellant claims that he intended, in his deed to Nosworthy & Co., to convey the north half of the fractional northwest quarter of section 30, which included only 76.60 acres, and that appellee, in enclosing full eighty acres, had encroached upon the south half of said quarter section, which appellant still owned, and he instituted this action to recover possession of the strip in dispute, which is about twenty feet wide, running through the quarter section, and contains 1.20 acres.

The decision of the case involves the construction of appellant's deed to Nosworthy & Co.

Appellant offered evidence on the trial of the cause tending to show that when the deed was executed, the understanding between him and the grantees was that it was intended as a conveyance only of half of the fractional quarter section. But the court refused to admit the testimony, and gave the jury a peremptory instruction to return a verdict in favor of appellee. Each of those rulings is assigned as error.

It is an elemental rule of construction of deeds that the language used therein shall be interpreted most strongly against the grantor. *Doe* v. *Porter,* 3 Ark. 18.

We are, however, of the opinion that the descriptive words used in appellant's deed to Nosworthy & Co. were not ambiguous and resort need not be had to presumptions in order to accurately interpret them. The descriptive words, "North eighty acres of fractional northwest quarter of section 30," clearly express an intention to convey eighty acres of the fractional quarter section named, laid off in the shape of a rectangular parallelogram, with the north line of said fractional quarter section as one of its sides. The words used mean the same as eighty acres off the north side of said fractional quarter section, and should be so interpreted. *St. Louis, I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 17; *Watson* v. *Crutcher,* 56 Ark. 44; *Walker* v. *David,* 68 Ark. 544.

Any other construction of the language would render the deed void for uncertainty, and a well settled rule of interpretation is, that if by any reasonable construction a deed can be made available, that construction should be adopted. *Walker* v. *David, supra; Dorr* v. *School District,* 40 Ark. 237; *Scott* v. *Dunkel Box & Lumber Co.,* 106 Ark. 83.

The fact that the words of description conclude with the words, "eighty acres," strengthens the view that that is the correct meaning of the description. Usually the designation of the quantity yields to more definite words describing boundaries, but in the absence of any conflict, the descriptive words as to quantity are important in arriving at the intention of the grantor.

There is nothing else involved in the trial, and the court having correctly interpreted the description contained in the deed, it was proper to give a peremptory instruction, as there was no issue of fact to submit to the jury.

Judgment affirmed.