SARGENT *v.* CITIZENS BANK.

4-5840                                   139 S. W. 2d 44

Opinion delivered March 18, 1940.

*Madrid B. Loftin* and *Walter L. Pope,* for appellant.

*McKay, McKay & Anderson,* for appellee.

SMITH, J.   On December 11, 1930, appellant and his wife executed a deed of trust to the Columbia-Peoples Bank, to secure the payment of a note, due on or before October 15, 1931.   The property contained in the deed of trust was described as follows:

"20 acres on the east side of NW¼ of NW¼, 22.40 acres on the east side of the SW¼ of NW¼, and 39 acres in the NE¼ of SW¼, all in section 7, township 17 south, range 18 west."

Default having been made in the payment of the note, suit was filed October 15, 1935, to foreclose the deed of trust, which had been assigned to appellee Citizens Bank. A summons was served on appellant and his wife, who did not answer, and on January 27, 1936, a decree was rendered foreclosing the deed of trust.

The decree as entered found the fact to be that it was the intention of appellant and wife to convey lands described as follows:

"The east 20 acres of the NW¼ of the NW¼, east 22.40 acres of the SW¼ of NW¼, and the Frl. NE¼ of SW¼, containing 39 acres, more or less, all in section 7, township 17 south, range 18 west."

No amendment to the complaint was filed, and only one summons was served. The property was sold, and the sale thereof duly reported to and confirmed by the court, and the deed of the Commissioner, which was also approved by the court, described the land as it was described in the decree.

Appellant filed this suit praying that he be allowed to redeem the land, and he asserts this right upon the allegation that the decree of foreclosure and the sale thereunder were void for the reasons hereinafter discussed.

It is said that the court was without jurisdiction of the person of the defendants in the foreclosure proceeding to reform the deed, and that this lack of jurisdiction appears upon the face of the record, and that it was, therefore, unnecessary for appellants to show that they had a meritorious defense to the suit at the time of the rendition of the decree.

But the court had jurisdiction both of the persons and the subject-matter of the litigation. Personal service was had. This being a collateral attack upon the decree, it will be conclusively presumed that the court heard

testimony which authorized the employment of a more accurate description of the land than that appearing in the deed of trust. There was no change of the cause of action, and it is not now insisted that the land as described in the decree was not the land intended to be conveyed. The decree merely made certain the land intended to be conveyed, and the service of additional process was not required for that purpose.

It is insisted that the sale was void for the reason that the descriptions employed in the decree failed to describe the land. This is not a tax sale, but is a sale under a decree foreclosing a deed of trust. The employment of an inaccurate description does not defeat the deed, as it would a tax sale. It is always permissible to reform the description of land mortgaged by .showing the land intended to be mortaged. The decree in this case did nothing more, and, as has been said, it is not questioned that the land ordered sold was the land intended to be mortgaged.

The descriptions employed in the decree are not so indefinite as to render the sale void. Such a description as "The east 20 acres of the NW¼ of NW¼ means that acreage set off in the shape of a parallelogram across the east side thereof. It was so held in the case of *Watson* v. *Crutcher,* 56 Ark. 41, 19 S. W. 98, in which case the validity of the following description was questioned: "N ½ of SE¼ of section three in a given township and range, 'less 25 acres off the south side'." In holding the description good, Chief Justice Cockrill said: "*Prima facie,* at least, it manifests the intention to lay the 25 acres off in a parallelogram with the whole of the south line of the N½ of the quarter section in question as its base. This is the effect of the decision of *St. Louis, I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 17. If the appellant could raise an ambiguity out of the description so as to let in parol proof of a different intention, or if there was a mistake which he desired to correct, the burden was upon him to prove his contention by a clear preponderance of the testimony. *Mooney* v. *Cooledge,* 30 Ark. 640. In that he has failed, and the judgment should be affirmed." The cases of *Walker* v. *David,* 68 Ark. 544, 60 S. W. 418, and

*Mosby-Dennison Co.* v. *Maxwell,* 146 Ark. 482, 225 S. W. 646, are to the same effect. So, also, is the case of *Jenkins* v. *Ellis,* 111 Ark. 220, 163 S. W. 524, in which case Chief Justice McCulloch said: ''Any other construction of the language would render the deed void for uncertainty, and a well-settled rule of interpretation is, that, if by any reasonable construction a deed can be made available, that construction should be adopted. *Walker* v. *David,* 68 Ark. 544, 60 S. W. 418; *Door* v. *School District,* 40 Ark. 237; *Scott* v. *Dunkel Box & Lumber Co.,* 106 Ark. 83, 152 S. W. 1025.

It is insisted that, even if the first two descriptions are good, the employment of the description, ''Frl. NE¼ of SW¼, containing 39 acres, more or less, all in section 7, township 17 south, range 18 west,'' renders the entire sale void, as the land was sold *in solido.* The basis of this argument is that this last tract of land is described as being fractional, and as containing only 39 acres, whereas the official plat of the survey of the NE¼ of SW¼ shows that it is not a fractional subdivision, but contains 40 acres.

But it was not alleged that there was any land in NE¼ of SW¼ of section 7 in addition to that owned by appellant, and while it is described as fractional, when it was not such in fact, it is not alleged that the mortgage was not intended to convey the whole of the NE¼ of SW¼. We know, as a practical matter, that but few of these subdivisions of sections of land into supposed 40-acre tracts are exact squares containing neither more nor less than 40 acres. Evidently, appellant intended to and did, in fact, mortgage all the land owned by him in NE¼ of SW¼ of section 7, and there is no allegation that there was other land not owned by him. The court below was correct in holding that the NE¼ of SW¼ had been mortgaged. In any event, this would be true as to all or any part of it owned by appellant.

No error appears, and the decree is therefore affirmed.