Ronnie E. MORGAN and M. S. MORGAN,
His Wife *v.* Nina Prue FARR

81-14                                            614 S.W. 2d 233

Supreme Court of Arkansas
Opinion delivered April 20, 1981

*Pryor, Robinson, Taylor & Barry*, for appellants.

*Walters, Davis & Cox*, for appellee.

GEORGE ROSE SMITH, Justice. In 1958 the appellee, in conveying certain lands to Beavlee Morgan and his wife, reserved a non-participating royalty interest. The reservation was ambiguous in that it might be interpreted to be either perpetual or limited to royalties arising from leases executed by the particular grantees only. In 1977 the grantees conveyed the entire mineral interest in the lands to their son and daughter-in-law, the appellants, who promptly executed an oil and gas lease to Pruitt Tool & Supply Company. Pruitt, after completing two producing gas wells, filed this bill of interpleader to determine whether the appellee is entitled to share in the royalties. This appeal, which comes to us under Rule 29 (1) (p), is from a decree finding that the appellee is entitled to share.

We quote the critical language, which followed the land description in the appellee's 1958 deed:

[C]onditioned that if oil, gas and/or minerals are discovered or developed on or under the lands described in this deed through any lease or leases made or exe-

cuted by the grantees, the grantor, Nina Prue Farr, shall have 1/2 of 1/8th of the oil, gas and/or minerals so long as the same are produced, provided that the grantees shall have the sole and exclusive right and power to lease said lands for oil, gas and/or minerals and to collect and have any and all rentals paid for such leases.

Our task, of course, is to declare the probable intention of the parties to the deed. As is so often the case, there are rules of construction pointing in opposite directions. For the appellants, there is the rule that a deed is to be construed against the grantor. *Jenkins* v. *Ellis*, 111 Ark. 220, 163 S.W. 524 (1914). For the appellee, there are holdings that a grant of a royalty interest is to be construed as perpetual unless a contrary intent is clearly stated. Summers, Oil & Gas, § 602 (1958).

Inasmuch as we are not interpreting a clause that has a fixed legal meaning, we prefer to be guided by a basic principle in the interpretation of contracts, that that construction should be adopted which is most fair and reasonable. *Love* v. *Couch*, 181 Ark. 994, 28 S.W. 2d 1067 (1930); *Singer Mfg. Co.* v. *Brewer*, 78 Ark. 202, 93 S.W. 755 (1906). Here we think it improbable that the appellee would have taken pains to insert a mineral reservation that her grantees could nullify simply by conveying the property to a third person. That is perhaps what the grantees attempted here, because although their son testified that he paid his parents $10,000 for the mineral rights, he and his wife executed an oil and gas lease to Pruitt on the very next day after the date of the parents' mineral deed. The controlling rule of law reaches what appears to be a just result.

Affirmed.