_____

No. 95-3330
_____

David Mears,                              *
                                          *
          Appellant,                      *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   Western District of Arkansas.
Nationwide Mutual Insurance               *
Company,                                  *
                                          *
          Appellee.                       *

_____

               Submitted:  March 14, 1996

               Filed:  August 2, 1996
_____

Before MAGILL, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.
_____

MAGILL, Circuit Judge.


     David L. Mears won a contest sponsored by his employer, Nationwide
Mutual Insurance Company.  It was unclear, however, what his prize should
be.  Mears expected to receive two Mercedes-Benz automobiles, while
Nationwide offered a gift certificate for a free restaurant meal.


     Mears sued for breach of contract in this diversity action.  The jury
found in his favor and awarded damages of $60,000.  The district court
voided the verdict, granting judgment as a matter of law for Nationwide or,
in the alternative, a new trial.  We reverse, finding that there was
sufficient evidence to support the jury verdict and an inadequate basis for
a new trial.

**I.**

Nationwide Mutual Insurance Company (Nationwide) traditionally holds a regional convention for its employees every three years. The conventions were intended to boost employee morale by recognizing workplace achievements.

Nationwide planned to have a regional convention for the South Central Regional Offices (SOCRO) in July 1994. To organize and plan the convention, Nationwide created an Executive Convention Committee and six subcommittees. One committee, consisting of Linda McCauley, Mary Peterson, and Jeff Handy, was responsible for selecting a convention theme. They decided to have a theme contest and drafted the following announcement:

<u>SPECIAL ANNOUNCEMENT!</u>

The 1994 SOCRO Claims Convention plans are being developed and we need your creativity. We don't know where. We don't know when. And we don't have a theme. That's where you come in. A contest is hereby announced to create a theme. Here's what you could win:

> His and Her's Mercedes.
> An all expense paid trip for two around the world.
> Additional prize to be announced.

> (All prizes subject to availability)

Only two rules apply:
1. The slogan is limited to not more than eight words.
2. All entries must be submitted to Linda McCauley, Regional Office by August 1, 1993.

Put your thinking caps on, get those creative juices flowing, tap the far reaches of your mind. Prior themes are not eligible. As you will remember, our 1991 theme was "Our Moving Force is You." Don't delay. Like Ed McMahon says, you can't win if you don't enter.

Pl. Ex. 1.

David Mears, who worked out of his home as a claims adjuster for Nationwide from October 1985 to September 1993, was one of approximately 185 SOCRO employees who received the announcement. Mears decided to enter the contest and submitted several themes, including "At the Top and Still Climbing." Several months after submitting his theme, Mears left the employment of Nationwide.

In October 1993, Peterson notified Mears that his theme had been chosen for the 1994 convention. Mears claims that Peterson also told him that he had won two Mercedes-Benz automobiles, a fact that Peterson disputes. In January 1994, Mears spoke with Peterson again to inquire about the status of the Mercedes. Peterson warned him that he might not receive the automobiles for three reasons: first, Nationwide might change the convention theme; second, Mears was no longer employed by Nationwide; and third, the contest was a joke.

In the end, Nationwide used the theme submitted by Mears for the July convention. The theme appeared on name tags and convention booklets, and provided an overarching message for the convention events. After the convention, Mears spoke with Handy. Handy informed Mears that Nationwide never intended to award the two automobiles, and offered Mears a restaurant gift certificate instead.

On October 12, 1994, Mears sued Nationwide in federal court for breach of contract. Nationwide admitted that the contest was legitimate, but argued that Mears was not entitled to the two Mercedes-Benz automobiles as a prize. The jury found in favor of Mears and awarded him $60,000 in damages.

On Nationwide's motion, the district court granted judgment as a matter of law. The court held that "the 'contract' sued on herein was simply not a contract because the terms are not nearly

-3-

definite enough to be enforced and there is simply no reasonably certain basis for giving an appropriate remedy." Mem. Op. at 4. In the alternative, the district court also granted a new trial on the grounds that the evidence was insufficient to substantiate the amount of damages. Mem. Op. at 8; see also Fed. R. Civ. P. 50(c). Mears appealed, challenging both the judgment as a matter of law and the contingent new trial. In considering Mears' appeal, we look to the substantive law of the State of Arkansas. See Mudlitz v. Mutual Serv. Ins. Co., 75 F.3d 391, 393 (8th Cir. 1996).

## II.

The district court granted judgment as a matter of law on two grounds. First, the court concluded that Nationwide's prize offer was too indefinite to give rise to an enforceable contract. As the court phrased it,

> assume that A told B that if B would mow A's lawn, A "could" pay him with: a) his and her Mercedes; b) an all-expense paid trip for two around the world; c) additional prize to be announced, and then told him that "all prizes subject to availability," would anyone seriously argue that A and B had entered into an enforceable agreement?

Mem. Op. at 6. Because the contest announcement, like the court's hypothetical, stated several possible prizes, including an open-ended "additional prizes to be announced," the court believed the nature of Nationwide's offer was unenforceably indefinite.

Even if one assumed that the person who submitted the winning theme was entitled to two Mercedes-Benz automobiles, the court believed the consideration to be indefinite because the contract still left it unclear what type of Mercedes would be awarded. Mem. Op. at 7. Would it be "two 1970 Mercedes worth a few hundred or, at most, a few thousand dollars each," or a 1996 model costing over $100,000? Id.

-4-

Second, assuming that Mears could show sufficient definitiveness in the contract terms, the court held that the damages claimed were speculative. Mears testified that a visit to a Mercedes-Benz dealership indicated that the cheapest new Mercedes cost $31,450. The court held that the sticker price of one car in the lot provides no indication of Mears' damages caused by Nationwide's breach of contract.

We review a judgment as a matter of law with deference to the jury's verdict. White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). The party securing the jury verdict receives the benefit of all reasonable inferences to be drawn from the evidence. We will affirm a judgment as a matter of law only where all the evidence points in one direction and is susceptible to no reasonable interpretation supporting the jury verdict. Id.; Singer Co. v. E.I. du Pont de Nemours & Co., 579 F.2d 433, 440-41 (8th Cir. 1978). In light of this standard of review, judgment as a matter of law was not justified in this instance.

**A.**

In order to be binding, a contract must be reasonably certain as to its terms and requirements.[1] ERC Mortgage Group, Inc. v. Luper, 795 S.W.2d 362, 364 (Ark. App. 1990); see also 17A Am. Jur. 2d Contracts § 192 (1991). A contract is sufficiently certain if it provides a basis for determining the existence of a breach and for giving an appropriate remedy. Ciba-Geigy Corp. v. Alter, 834 S.W.2d 136, 146 (Ark. 1992). The law does not favor the destruction of contracts because of uncertainty. Id.

Nationwide's contest notice offered several prizes--an all-expense paid trip around the world for two and prizes to be

---

[1]Prize contests are enforceable contracts. See 14 W. Jaeger, Williston on Contracts § 1666 (3d ed. 1972).

determined later, as well as the his and her Mercedes--and gave no indication of which prize the winning theme submitter would receive. However, a contract that is facially ambiguous can be made certain by the subsequent actions or declarations of the parties. Swafford v. Sealtest Foods Div. of Nat'l Dairy Prods. Corp., 483 S.W.2d 202, 204 (Ark. 1972); see also Phipps v. Storey, 601 S.W.2d 249, 251 (Ark. 1980).

At trial, both Peterson and Mears testified that she told him that he had won two Mercedes while at a dinner attended by many Nationwide employees. Peterson claimed that she spoke with a facetious tone and, in reality, had no intention of awarding the automobiles. Mears, on the other hand, took Peterson at her word and believed that of the prizes listed on the contest announcement, he had won the Mercedes. It appears that others around Mears also believed that he had won the automobiles. I Trial Tr. at 27, 60-61, 63-64, 89. Faced with this factual dispute, the jury had to decide which version of events was more credible. They believed Mears and we perceive no reasoning for undoing this jury determination.

Because the contest contract could be reasonably construed to entitle Mears to two Mercedes-Benz automobiles, the only remaining uncertainty lies in the type of Mercedes to be awarded. There is, as the district court notes, a wide range of values for Mercedes, depending largely on the model and year. This uncertainty, however, is not fatal. First, contract terms are interpreted with strong consideration for what is reasonable. See Dziga v. Muradian Business Brokers, Inc., 773 S.W.2d 106, 107 (Ark. App. 1989) ("courts will, if possible, construe the contract in a manner which gives effect to the reasonable intentions of the parties"); Morgan v. Farr, 614 S.W.2d 233, 234 (Ark. 1981) ("construction should be adopted which is most fair and reasonable"). Under a reasonable interpretation of the contest contract, the jury could expect the automobiles to be new.

Second, when a minor ambiguity exists in a contract, Arkansas law allows the complaining party to insist on the reasonable interpretation that is least favorable to him. Arkansas Rock & Gravel v. Chris-T Emulsion, 536 S.W.2d 724, 726 (Ark. 1976). Indeed, in Dolly Parker Motors, Inc. v. Stinson, 245 S.W.2d 820, 821 (Ark. 1952), the Arkansas Supreme Court held that a contract that specified only the make of the automobile had enough certainty to be enforceable.[2] These two factors, taken together, are sufficient to support the jury's conclusion that Nationwide owed Mears two of Mercedes-Benz's least expensive new automobiles as his contest prize.

**B.**

The district court believed that even if the make and model of a Mercedes-Benz could reasonably be determined, the evidence was insufficient to fix damages. Courts will not enforce a contract where the determination of damages is left to speculation and conjecture. Wasp Oil, Inc. v. Arkansas Oil & Gas, Inc., 658 S.W.2d 397, 401 (Ark. 1983). The burden rests with the plaintiff to present evidence sufficient to fix damages in dollars and cents. Milligan v. General Oil Co., 738 S.W.2d 404, 406 (Ark. 1987). Damages, however, need not be proven with absolute, mathematical certainty. 25A C.J.S. Damages § 162(2) (1966).

Based on the evidence presented at trial, we conclude that the damages sustained by Mears due to Nationwide's breach of contract

---

[2]The Arkansas Supreme Court held that a contract in which a Ford automobile dealership agreed to buy a customer's two used automobiles as trade-in for a new, but unspecified, Ford truck to be purchased later was enforceable. The customer then bought a truck elsewhere and sought to recover his trade-in money. Despite the numerous different truck models manufactured by Ford, the court held that the contract was certain enough to be enforceable and that the dealership was entitled to damages in the amount of their profits for the least profitable new truck. Dolly Parker Motors, Inc., 245 S.W.3d at 821.

are not speculative, but are susceptible to adequate certainty.  Mears did not receive the two bottom-of-the-line Mercedes that Nationwide had promised in exchange for the winning convention theme and, thus, his damages are the value of those automobiles.  At trial, Nationwide did not offer any evidence on the price of such Mercedes-Benz.  Mears, on the other hand, testified that the least expensive new Mercedes cost $31,450.  I Trial Tr. at 32.  He based this figure on information from Mercedes-Benz dealerships in Little Rock and in Fayetteville.  Id. at 35.  In the absence of contrary testimony from Nationwide, the jury reasonably concluded that Mears suffered $60,000 in damages.[3]

### III.

In addition to its petition for judgment as a matter of law, Nationwide also moved for a new trial, arguing that the jury's $60,000 verdict went against the weight of the evidence.  Rule 50(c) of the Federal Rules of Civil Procedure requires that the district court, in ruling on a motion for judgment as a matter of law where a motion for new trial is also pending, conditionally rule on the new trial motion.  In keeping with this rule, the district court granted a contingent new trial because it believed that the trial evidence on damages was thin and forced the jury to speculate as to their amount.  Mem. Op. at 8.

The district court may order a new trial where it is convinced that the verdict goes against the clear weight of the evidence or where a miscarriage of justice will result.  Benjamin v. Aluminum Co. of Am., 921 F.2d 170, 173 (8th Cir. 1990).  While the district court's discretion is not boundless, it can rely on its own reading

---

[3]The fact that the jury's damage award was $2,900 less than the damages suggested by Mears' price figures suggests that the jury adjusted the damages to account for the fact that Mears' price figure was based on 1995 automobiles, while the prize, if awarded in a timely fashion, would have been 1993 models.

of the evidence in determining whether the verdict goes against the clear weight of the evidence.  <u>White</u>, 961 F.2d at 780.  We review a contingent grant of new trial for abuse of discretion.  <u>See</u> <u>Fineman v. Armstrong World Indus., Inc.</u>, 980 F.2d 171, 206 (3d Cir. 1992) (reviewing a contingent grant of new trial for abuse of discretion), <u>cert. denied</u>, 507 U.S. 921 (1993); <u>Larabee v. M M & L Int'l, Inc.</u>, 896 F.2d 1112, 1117 (8th Cir. 1990) (affirming the district court's denial of a conditional new trial because it was not an abuse of discretion).

Having carefully reviewed the trial transcript, we do not believe that the damage evidence presented by Mears forced the jury to speculate on damages.  While Mears did not present Mercedes-Benz invoices or affidavits from the company or its dealerships to prove the cost of a basic automobile, he did testify that the price of a Mercedes-Benz was $31,450, a figure based on inquiries he had made with two Mercedes-Benz dealerships.  This evidence is, as a matter of law, sufficient to take any damage award out of the field of pure conjecture.  It is an abuse of discretion when the district court bases its decision on an error of law.  <u>First Bank v. First Bank Sys., Inc.</u>, 84 F.3d 1040, 1044 (8th Cir. 1996).  To order a new trial based on the lack of damage evidence was, therefore, an abuse of the district court's discretion, and we reverse.

## IV.

For the reasons stated, we reverse the district court's order of judgment as a matter of law and contingent new trial and reinstate the jury's verdict for $60,000.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.